# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELIQUE JENKINS** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **No. 19-2180** |
| | : | |
| **SEPTA** | : | |
| *Defendant.* | : | |

## MEMORANDUM

### I.  INTRODUCTION

Before the Court is Defendant SEPTA's Motion for Judgment on the

Pleadings (ECF No. 18) and *Pro se* Plaintiff Angelique Jenkins' Response

(ECF No. 20).[1]

### II.  BACKGROUND

*Pro se* Plaintiff Angelique Jenkins filed this discrimination action against

her former employer, SEPTA, under Title VII of the Civil Rights Act of 1964, as

codified, 42 U.S.C §§ 2000e to 2000e-17 (race, color, gender, religion, national

origin) ("Title VII"). ECF No. 2 at 3.[2]  Jenkins used the Court's preprinted form

complaint and alleged that SEPTA discriminated against her by terminating her

employment and subjecting her to unequal terms and conditions of employment,

---

[1] The Court granted Plaintiff's Motion for Appointment of Attorney (ECF No. 3). ECF No. 6.
The Clerk of Court attempted to appoint counsel for Jenkins from the Attorney Panel for *Pro se*
Plaintiffs in employment discrimination cases but was unsuccessful. *Id.*; ECF No. 13.
[2] Because Plaintiff is proceeding *pro se*, the Court liberally construes her pleadings. *Higgs v.
Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

and retaliation. *Id.*, at 4-5.

Jenkins' employment with SEPTA began in January 2009. *Id.* at 35. On July 6, 2017, she entered into a Last Chance Agreement. *Id.* at 27. Following an incident on February 7, 2019, SEPTA accused Jenkins of opening the doors on the wrong side of the train— a rule violation. *Id.* Therefore, SEPTA concluded that Jenkins violated her agreement and terminated her employment. *Id.* at 36.

## III. DISCUSSION

### A. Standard of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when "the movant clearly establishes that no material issue of fact remains . . . and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

When deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010). A motion for judgment on the pleadings is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017)

(internal quotations omitted). Accordingly, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

The motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## B.    Title VII Claims

Here, Jenkins' Complaint is not sufficiently pled to survive SEPTA's

Motion for Judgment on the Pleadings. According to SEPTA, this Court should

grant its motion because Jenkins failed to allege she is a member of a protected

class under Title VII and she engaged in a protected activity within the meaning of

Title VII. ECF No. 18 at 4.

Under Title VII, it is "unlawful for an employer ... to discriminate against

any individual ..., *because of* such individual's race, color, religion, sex, or national

origin." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92–93 (2003) (citing 42 U.S.C.

§ 2000e–2(a)(1) (emphasis in original)). In order for an employer, like SEPTA, to

be liable under Title VII an employment discrimination plaintiff bears the burden

of establishing a *prima facie* case by showing that she (1) belongs to a protected

class; (2) was qualified for the position she sought to attain or retain; (3) suffered

an adverse employment action; and (4) the action occurred under circumstances

that gave rise to an inference of discrimination. *McDonnell Douglas Corp. v.

Green,* 411 U.S. 792, 802 (1973). The burden to establish a *prima facie* case of

discrimination is not an onerous one, but a *prima facie* case allows the court to

eliminate the most obvious, lawful reasons for an employer's action. *Makky v.

Chertoff,* 541 F.3d 205, 215 (3d Cir. 2008) (citing *Texas Department of

Community Affairs v. Burdine,* 450 U.S. 248, 254 (1981)).

The facts, as revealed by Jenkins, do not support an inference that SEPTA

engaged in discriminatory conduct. First, Jenkins failed to identify membership in

4

a protected class. Therefore, her claims under Title VII cannot proceed. Even if Jenkins identified membership in a protected class, she does not allege that her termination occurred under circumstances that show it was more likely than not a result of discrimination by SEPTA.

Jenkins attached several documents to her Complaint. *See generally* ECF No. 2. Included in these documents are the following: U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights; SEPTA Operator's Accident Incident Report, Incident # 2/6/2019; Commendatory Letters and Tickets; Customer Service Award; Notice re. Wrong Door Side Opening; Subway/Elevated Operations Charge Sheet/Informal Hearing re. February 7, 2019 Incident; Equal Employment Opportunity /Affirmative Action Department Inquiry Contact Summary Sheet; Performance sheets; Employee Safety Day Talking Points; and letters written by Jenkins. *Id.* at 10-50. The content simply does not support a showing of any relationship between Jenkins' termination and a discriminatory act or behavior by SEPTA based on her race, color, religion, sex, or national origin. Instead, these documents appear to provide explanations for the February 7, 2019 rule violation, which is not relevant to a Title VII claim.

In her response to the present motion, Jenkins argues SEPTA issued the violation in order to stop her from "running in the election for 'President of Local 234.'" ECF No. 20 at 2. Specifically, Jenkins alleges "[the] rule violation turned

Violation of 'LCA' was to stop me from running in [the] upcoming election for 'President of Local 234' See Title VII Civil Rights Act of 1964." *Id* at 3. In her Complaint, Jenkins alleged that the discriminatory acts occurred or began on or about February 7, 2019 – the same date SEPTA accused her of the rule violation. ECF No. 2 at 5. However, that allegation, accepting it as true, does not trigger a Title VII claim. Jenkins' subjective belief that SEPTA wrongfully issued her a rule violation that resulted in her termination and, effectively, disqualified her candidacy, without more, is not a discriminatory act protected by Title VII. Furthermore, an individual who is a candidate or who is listed as a candidate for president of a union is not a person protected under Title VII.

Jenkins' response, as well as her Complaint, includes keywords relevant to a Title VII claim. For example, Jenkins states:

> I Plaintiff confirm that I have been subject of discrimination, Retaliation, Unfair treatment, Conflicts of Interest, Discharged before due process, and denied my rights under contract agreement between the Defendants Septa and transport workers Local 234. ECF No. 20 at 2.

However, at this stage, the Court cannot rely on labels and conclusory statements. *See Twombly*, 550 U.S. at 555. Jenkins must articulate enough facts that makes it clear she has a right to relief under Title VII, which she did not.

Accordingly, after construing the facts in a light most favorable to Jenkins, the Court, drawing on its experience and common sense, is unable to extract a reasonable inference that SEPTA is liable for misconduct under Title VII.

6

## IV.   CONCLUSION

Having thoroughly reviewed the Complaint, as well as the documents

Jenkins attached thereto, SEPTA's Answer, and having considered SEPTA's

motion and Jenkins' response, the Court finds that the Complaint fails to state a

claim and SEPTA established that no material issue of fact remains.

An appropriate Order accompanies this Memorandum.


**BY THE COURT:**


**Date:**   11-18-2019

_____

**CHAD F. KENNEY, JUDGE**